IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN PATRICK RAYNOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | MISC. PROC.  08-00801-TJM |
| GREENLIGHT CAPITAL QUALIFIED, L.P., ) | |
| GREENLIGHT CAPITAL, L.P., and  ) | |
| GREENLIGHT CAPITAL OFFSHORE, LTD,) | |
| ) | |
| Defendants. ) | |

## ORDER

Hearing was held in Omaha, Nebraska, on May 19, 2008, regarding Plaintiff's Motion to Quash Subpoena Duces Tecum and Motion for Sanctions (Fil. #1).  John Patrick Raynor appeared pro se and Gregg Galardi appeared for the defendants.

Pending in the Bankruptcy Court of the United States Virgin Islands are three bankruptcy cases in which the Greenlight entities are creditors.  In order to obtain information about the three debtors, Greenlight obtained an order from the bankruptcy judge presiding over the cases authorizing Greenlight to take a Federal Rule of Bankruptcy Procedure 2004 examination of John Raynor.  Mr. Raynor had been an officer and/or director of one or more of the corporate debtors and had been an attorney for one or more of the corporate debtors and the individual debtor. His officer/director positions were terminated prior to the bankruptcy cases being filed. He claims to still be an attorney for the individual debtor.

The order authorizing the 2004 examination was issued in January 2008, after a hearing at which Mr. Raynor submitted written objections.  The order provided that Mr. Raynor was to produce certain documents by January 25, 2008, or to object to such production by such date. Thereafter, he was directed to participate in the examination at a mutually convenient time and place. The order was both mailed to Mr. Raynor through the United States Postal Service and delivered to Mr. Raynor by e-mail.

Mr. Raynor, interpreting Rule 2004 through its incorporation of Rule 9016 and Federal Rule of Civil Procedure 45, determined that the order was not self-executing and that he had the right to be served with a subpoena duces tecum prior to responding.  After the January 25 deadline for supplying documents or objecting to the production thereof, counsel for Greenlight contacted Mr. Raynor and informed Mr. Raynor that Greenlight believed Mr. Raynor had waived his right to object to any of the production by virtue of having failed to file the objection by January 25.  Counsel for Greenlight insisted that Mr. Raynor begin the production or that the court would be requested to compel him to act and to find him in contempt, with an assessment of attorney fees and costs.  Mr. Raynor responded that the deadline stated in the order for objecting to the production had expired before Mr. Raynor was actually required to file such an objection because he had not been served with a subpoena.  The two lawyers then wrangled about the requirement or non-requirement of a subpoena under the circumstances of an outstanding order concerning a Rule 2004 examination.

Eventually, counsel for Greenlight filed a motion to compel production combined with a motion for contempt against Mr. Raynor and asserted that he had been uncooperative. Mr. Raynor objected to the motion explaining his position and citing case law authority for it. On the very day that the objection was filed with the authority, counsel for Greenlight withdrew the motion and on the next day, served a subpoena on Mr. Raynor.

Mr. Raynor then filed this miscellaneous proceeding requesting the court to quash the subpoena. His theory is that the original order had a specific date for beginning the production of documents and that he could not be forced to file the objection or start the production of documents until he was subpoenaed. The subpoena that has now been served upon him has a different date for beginning the production of documents. It is Mr. Raynor's position that counsel for Greenlight has not complied with the subpoena requirements on a timely basis and does not have the authority to require him to respond to the document production request without obtaining a new order from the bankruptcy court with a specific deadline date for objecting to the production. Counsel for Greenlight asserts that no subpoena is required with regard to a Rule 2004 examination, Mr. Raynor waived his right to object to production by not filing such an objection prior to January 25, 2008, the order is still in effect and he is required to obey it, and the now served subpoena is a valid device for implementing the order concerning production.

The issue before the court is whether, under Rule 2004(c), a subpoena was required to be served on Mr. Raynor in sufficient time prior to January 25, 2008, to enable him to review the document production request and file any objections by January 25, 2008.

Only a limited number of cases deal with Rule 2004(c) at all, and most of those seem to address the scope of the subpoena power. See In re Ecam Publ'n, Inc., 131 B.R. 556 (Bankr. S.D.N.Y. 1991) (witnesses' motion to quash Rule 2004(c) subpoena, made after the scheduled appearance date, was untimely, but relates only to issue of contempt. Because court had rescheduled Rule 2004 exam, the motion to quash would be treated as a motion to limit the scope of the exam); In re Texas Int'l Co., 97 B.R. 582 (Bankr. C.D. Cal. 1989) (proper procedure for obtaining bankruptcy examination of witness residing outside district where bankruptcy case is pending is to obtain examination order in district where underlying case is pending, file certified copy of order in district where witness to be examined resides, and to obtain issuance of subpoena from bankruptcy court in district where witness resides, compelling witness to attend examination in district where witness resides; disputes over the scope of the subpoena should be decided by the court in which the underlying bankruptcy case is pending), but see In re Fred Ayers Co., Inc., 266 B.R. 557 (Bankr. M.D. Ga. 2001) (holding that under a plain reading of Rule 2004(c) and Rule 45, the proper court to issue a subpoena is the court where the underlying bankruptcy case is pending; disagreeing with Texas Int'l's strained reliance on cases interpreting Bankruptcy Act § 21a). Even though the court in Fred Ayers Co., Inc. did not agree that the bankruptcy court in the district that the examination was to be held in was the proper court to issue the subpoena, it did agree that serving a subpoena was the correct procedure under the rule.

Most cases seem to assume that subpoenas will or should be issued. In In re Aston-Nevada Ltd. P'ship, 2006 Bankr. LEXIS 4111 (Bankr. D. Nev. Jan. 25, 2006), the Nevada bankruptcy court said, in dicta, that Rule 2004(c) was amended in 2002 "to require those who wish to compel the production of documents to issue or obtain a subpoena for such documents in accordance with Bankruptcy Rule 9016 (which incorporates Rule 45 of the Federal Rules of Civil Procedure)." Id. at *48 n.36.

However, in In re Mirant Corp., 326 B.R. 354 (Bankr. N.D. Tex. 2005), the court distinguished between third party witnesses and parties in interest, indicating that parties and potential parties needn't be subpoenaed. In the case, the creditors' committee requested production of documents from investment banking companies involved in a company's divestiture of the debtor. The investment bankers opposed the motion, arguing, among other things, that a subpoena must be issued to compel their participation. The court disagreed, noting, first, that counsel for the investment bankers had consented at a hearing that the court's oral order could serve in lieu of a subpoena and, second, "while a true third party target of a subpoena may be entitled to require subpoenas from local courts," the investment bankers were parties in interest to the case, as creditors who had filed claims and as potential defendants in litigation which may be brought in connection with the divestiture. Id. at 357.

The treatise Collier on Bankruptcy assumes that a witness will be subpoenaed:

[c] Rule 2004(c) Generally Follows Prior Law
   Rule 2004(c) was intended to be "substantially declaratory" of the practice for compelling attendance of a witness or party for a Rule 2004(a) examination and for the production of evidence that had developed under Section 21a of the former Bankruptcy Act. [FN14: 1983 Advisory Committee Note to Fed. R. Bankr. P. 2004]. Under prior law, if a witness was present when the order for his or her examination was made, [FN15: As permitted by former Rule 205(a). In cases commenced under chapter 13, compelling attendance for examination and production of documentary evidence was governed by former Rule 13-206(e).] the witness could have been ordered to testify without the issuance of a subpoena. [FN16: *See* 2 Collier on Bankruptcy, P 21.20[1] (Matthew Bender 14th ed. 1978).] Under the Code, however, it is unlikely that this situation would arise because the court will probably no longer conduct the examination or even be present during the examination in view of the congressional intention to remove the court from administrative matters and not to involve the court in situations in which it would hear evidence outside of the context of a dispute it must decide. [FN17: H.R. Rep. No. 595, 95th Cong. 1st Sess. 331 (1977), *reprinted in* App. Pt. 4(d)(I) *infra*]. **Consequently, the proper manner to bring a witness in is by subpoena;** [FN18: *See* Fed. R. Bankr. P. 2004(c).] **when books, papers or documents are required, a subpoena *duces tecum* should be issued**. [FN19: *See* P 343.02 *supra*] The requirements for subpoenas to examinations under Rule 2004 to be held outside the district in which the bankruptcy case is pending were clarified by the 2002 amendments to the Federal Rules of Bankruptcy Procedure. [FN 20: *See* P 2004.03 *infra*.]

3 Collier on Bankruptcy ¶ 343.09 (Alan N. Resnick et al. eds., 15th ed. rev.) (emphasis added).

Based upon the case law discussed above and the Collier's analysis, I find that Mr. Raynor was correct in his belief that the law required a subpoena to be served upon him prior to his being required to take any action. Since no subpoena was served upon him in time for him to meet the January 25, 2008, objection deadline, the current subpoena, which does not acknowledge his right to have a definite date to object to the production, is deficient and is hereby quashed.

If Mr. Raynor is eventually served with an order giving him a date to object to production and is served with a subpoena concerning the order, any substantive objections that Mr. Raynor has to the request for production of documents must be brought before the court issuing the order

concerning the Rule 2004 examination, and not this court.

IT IS ORDERED: Plaintiff's Motion to Quash Subpoena Duces Tecum and Motion for Sanctions (Fil. #1) is granted.

DATED:       May 23, 2008

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
  *John Patrick Raynor
  Gregg Galardi
  U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.